IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIONEL GOLDFRANK, III,<br><br>Plaintiff,<br><br>v.<br><br>NEXIMMUNE, INC.,<br><br>Defendant. | Civil Action No. 1:17-cv-0166-RGA |

MEMORANDUM

Plaintiff moves for attorneys' fees and costs totaling $121,353.70 and for financial advisory fees totaling $46,248.95 after winning on its claim that Defendant breached two promissory notes. (D.I. 35). Plaintiff contends that the promissory notes provide for reasonable fees and costs. (D.I. 35-3 Ex. 1 ¶ 12, Ex. 2 ¶ 12). Defendant concedes that it owes something, suggesting in its brief that Plaintiff should be awarded $36,973. (D.I. 40, p.9). Defendant cites as support for that a chart which shows the figure as $28,507.80. (D.I. 40-3, Exh. 3, p.2). Go figure! In any event, Defendant contests much of Plaintiff's request.

There are no heroes in this dispute. Defendant indisputably had obligations to Plaintiff, which it refused to meet, instead making multiple offers that would have given him cents on the dollar (albeit cents much closer to 100 than to zero). Defendant could have kept the costs of both sides down by simply paying up. For reasons that are unexplained, it did not, instead extending the litigation by making offers attempting to compromise undisputed amounts owed. Thus, Defendant's complaint about Plaintiff's aggressive litigation rings hollow, when by contract Defendant had agreed to pay 100% of Plaintiff's reasonable costs and gave every indication of trying to weasel out of its full obligations. Plaintiff, who had the moral high ground, has ceded

1

some of it with inexplicably excessive and unexplained billing. Thus, for the reasons that follow, **IT IS HEREBY ORDERED** that the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion.

The promissory notes at issue are subject to Delaware state law. (D.I. 35-3 Ex. 1 ¶13, Ex. 2 ¶13). Under Delaware law, "clear and unambiguous terms are interpreted according to their ordinary and usual meaning." *Paul v. Deloitte & Touche, LLC*, 974 A.2d 140, 145 (Del. 2009). The promissory notes state, "If an action is instituted by the Purchaser [i.e., Plaintiff] to collect any amounts owed to such Purchaser under this Note, the Company [i.e., Defendant] shall pay all costs and expenses of the Purchaser, including, without limitation, reasonable attorneys' fees and costs, incurred in connection with such action." (D.I. 35-3 Ex. 1 ¶12, Ex. 2 ¶12).

The plaintiff bears the burden of proof for most contract claims. *Pharmathene, Inc. v. Siga Techs., Inc.*, 2011 WL 4390726, at *13 (Del. Ch. Sept. 22, 2011). Since the fee shifting provision arises under the promissory notes, Plaintiff will bear the burden of demonstrating that the requested fees are reasonable. (D.I. 35-3 Ex. 1, Ex. 2).

Since the language of the promissory notes stipulates to reasonable attorneys' fees, I must determine whether the fees Plaintiff requested are reasonable. In determining the reasonability of the requested fees, the Court may consider "the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services properly, the fee customarily charged in the locality for similar legal services, the nature and length of the professional relationship with the client, and the experience, reputation, and ability of the lawyer or lawyers performing the services." *Richmont Capital Partners I, L.P. v. J.R. Invs. Corp.*, 2004 WL 1152295, at *3 (Del. Ch. May 20, 2004). The Court should also consider if the number of hours devoted to the matter was "excessive, redundant, duplicative or otherwise unnecessary."

*Shoppes of Mount Pleasant, LLC v. J.M.L., Inc.*, 2015 WL 4755491, at *2 (Del. Com. Pl. Aug. 4, 2015).

Plaintiff requests $5,740.50 for work done by Plaintiff's attorneys before filing the complaint to examine the viability of the claim. (D.I. 40-3 Ex. 3 at 2). Defendant contends that Plaintiff should not be compensated for work done before the filing of the complaint because it is not "in connection with this Action." (D.I. 40 at p. 4). I disagree. An action does not start when the plaintiff begins writing the Complaint, but instead begins when the plaintiff starts to investigate the claim. In fact, Rule 11 requires attorneys to do pre-complaint work. FED. R. CIV. PRO. 11(b). Thus, Plaintiff is entitled to attorneys' fees for the pre-complaint work.

Plaintiff seeks $4,958.00 for work associated with this request for fees and costs. (D.I. 40-3 Ex. 3 at 2). Defendant suggests that these fees should not be awarded without explanation. (*Id.*) The promissory notes state that Defendant will pay all costs incurred in connection with an action for collection. (D.I. 35-3 Ex. 1 ¶12, Ex. 2 ¶12). This provision of the notes is sufficiently broad to encompass motions for attorneys' fees. Thus, I will award Plaintiff's request for $4,958.00 in connection with this request for fees and costs.

Plaintiff requests $2,659.00 for fees regarding the Analysis of Warrants. (D.I. 40-3 Ex. 3 at 2). Defendant argues that the warrants analyzed arose out of a separate agreement, not the promissory notes. (D.I. 40 at p. 5). Plaintiff does not address the warrants directly in his reply, but notes that the warrants became an issue in the settlement offers made by Defendant. (D.I. 42 at p. 8).[1] Under the settlement offers, Plaintiff would have waived some of his rights to these

---

[1] Elsewhere, Plaintiff advises that in January, Plaintiff "and his professional advisors attempted to discover, informally, the nature of [Defendant's] corporate transactions that potentially affected [Plaintiff's] rights both as a creditor and warrant holder." (D.I. 42, p..4). The warrant rights appear, at the earliest, to have been interjected into the contract action when Defendant made a settlement offer on February 22, 2017, which included waiver of warrant rights.

3

warrants. (*Id.*). However, the analysis of the warrants performed by Plaintiff's attorney may not have been related to collecting on the promissory notes. Defendant asserts that Plaintiff's attorney analyzed the warrants in conjunction with an offer to purchase the warrants, not in connection with the settlement agreements, which requested Plaintiff to waive the rights to the warrants. (*Id.*). I have reviewed the billing records cited by Defendant. (D.I. 40-3, Exh. 3; D.I. 40-1, Exh. 1). Only one of the entries seems to be connected with looking at the warrants as part of a settlement. (D.I. 40-1, Exh. 1, 4/9/17 @ $222). There is an absence of evidence otherwise to support time spent on analyzing the warrants. Plaintiff will only be awarded $222 for the analysis of the warrants.

Plaintiff requests $46,248.95 to pay for the fees of his financial adviser, Mr. Lucchese. (D.I. 40-3 Ex. 3 at 2). Mr. Lucchese is not a lawyer. Suit was filed on February 16, 2017. Mr. Lucchese had already billed $11,437.50 by the end of January. In February, he spent five hours reviewing and commenting on the complaint before it was filed. Defendant argues that Mr. Lucchese did not perform any legal work and that his work was unnecessary such that it should not be considered work in connection with this action. (D.I. 40 at p. 5). Since Mr. Lucchese is not a lawyer, he did not perform any legal work. And while his work may have been of benefit to Plaintiff generally, it was unnecessary to the litigation of this case. An adversary should not bear the burden of a party's decision to voluntarily hire an expert or adviser, especially when that expert or adviser is unnecessary to the action. *In re SS&C Techs.*, 2008 WL 3271242, at *4 n. 24 (Del. Ch. Aug. 8, 2008). I cannot see how providing information about Defendant's financial situation could possibly have taken the nearly 100 hours that Mr. Lucchese billed. It is clear to me that Plaintiff's request for the great bulk of Mr. Lucchese's fees is extremely unreasonable. Analysis of Defendant's financial situation (which was unnecessary) and the calculation of

4

interest (which was necessary) could not have reasonably taken very long. In the absence of any proof, I will allow one hour for the calculation of interest. It is possible that a few hours more of Mr. Lucchese's time could be justified, but Plaintiff has not provided a basis for making that determination. Thus, I will award one hour's worth of financial advising fees at Mr. Lucchese's hourly rate of $375.00.

Plaintiff requested $24,158.50 worth of fees for communications between Mr. Lucchese and Plaintiff's attorneys. (D.I. 40-3 Ex. 3 at 2). If Mr. Lucchese's compensable work could not have taken more than one hour, it could not reasonably have taken more than an hour to communicate that work to Plaintiff's counsel. Thus, I will award one hour's worth of fees at the hourly rate for Plaintiff's counsel, Mr. Goldberger, which is $740.00.

Plaintiff has requested $36,073.00 for fees in connections with the various motions filed, such as the Motion for Preliminary Injunction (D.I. 4) and the Motion for Expedited Discovery (D.I. 9). (D.I. 40-3 Ex. 3 at 2). Defendant argues that these motions were "frivolous and unnecessary." (D.I. 40 at p. 6). "The party who seeks to benefit from the shifting of fees must itself act reasonably in the litigation." *Seibold v. Camolus Ptnrs. L.P.*, 2012 WL 4076182 at *30 (Del. Ch. Sept. 17, 2012). When a party incurs legal fees that are not necessary or made for strategic reasons, such fees are not allowed. *Richmont*, 2004 WL 1152294, at *4. Defendant asserts that Plaintiff should not receive fees for these motions because the motions were denied, and thus, were unnecessary. (D.I. 40 at p. 6). Defendant is applying hindsight bias to the question of whether the motions were necessary in concluding that the motions were frivolous merely because they were denied. As Plaintiff points out, the motions helped propel the matter towards resolution. (D.I. 42 at p. 8). Furthermore, at the time, the motions probably seemed reasonable and necessary to protect Plaintiff's rights. I think this is the hardest issue raised by

5

Defendant. As I hinted at in denying the preliminary injunction, this was a collection case, and thus unsuitable for a preliminary injunction. On the other hand, Defendant could have prevented questionable tactics by not adopting questionable tactics itself. Thus, while I think some judges might well decline to award these fees, I will award them, as a motion does not have to be a winner to be reasonable, and I think Defendant's conduct justified Plaintiff's approach on the motions.

Plaintiff requested $18,654.00 for drafting the Complaint (D.I. 2). (D.I. 40-3 Ex. 3 at 3). Defendant argues that this is an unreasonable amount. (D.I. 40 at p. 7). Plaintiff billed over thirty hours, most of which were billed at Mr. Goldberger's rate of $740.00 per hour. (*Id.*; D.I. 40-1 Ex. 1). Defendant also points out that the Complaint is for a simple breach of contract claim. (D.I. 40 at p. 7). I agree with Defendant that it is unreasonable that it should have taken a senior partner thirty hours to write a complaint that is only nine pages long and alleges a simple breach of contract claim. Defendant requests instead that Plaintiff be awarded $7,600.00, which was reached using a "blended" rate similar to that used in *Shoppes of Mount Pleasant*. (D.I. 40 at p. 8). Using the blended rate, Plaintiff's requested 30.8 hours were reduced by 30%, and 80% of those hours were assigned to an associate billing at $280.00 per hour. The remaining 20% of the hours were assigned to a senior partner billing at $740.00 per hour. Thus, Defendant arrived at the suggested $7,600.00. I will award the $7,600.00, but if Defendant had suggested less, I would have been inclined to award a smaller amount.[2]

---

[2] It should not have taken a senior partner more than eight hours to draft a Complaint in a "collection action" (see D.I. 40-1, Exh. 1, p.3, entries for 1/11/17 and 1/18/17) that was only nine substantive pages and alleged only a simple contract claim. To bill anything more than eight hours' worth of work is unreasonable. A senior partner billing at $740.00 per hour for eight hours would have requested $5,920.00, which would have been a reasonable amount to award for the drafting of the Complaint.

6

Finally, Plaintiff requests $11,801.00 for analysis of the scheduling order and settlement order. (D.I. 40-3 Ex. 3 at 3). Defendant argues that it was unreasonable for Plaintiff's counsel to bill over eighteen hours for this work, which was minimal and not particularly difficult. (D.I. 40 at p. 8). Plaintiff's bills demonstrate that Plaintiff was discussing the scheduling and settlement orders with Defendant. (D.I 40-1 Ex. 1). It is prima facie reasonable that Plaintiff would have needed to prepare for these discussions and that Plaintiff would have had to review documents associated with these orders. Thus, I will award Plaintiff the requested fees for the analysis of the scheduling order and settlement order.

I do not address the amounts that are not contested, as Defendant concedes they are reasonable.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Fees and Costs is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded a total of $84,819.20 in attorneys' fees and costs.[3]

A separate order will be entered.

Entered this 4 day of August, 2017.

Richard G. Andrews
United States District Judge

---

[3] It is difficult to follow Defendant's math. In order to calculate the total amount, I took the amount claimed in the bills submitted, which is $167,602.65, and deducted the amounts I am not allowing ((2659 − 222) + (46248.95 − 375) + (24158.5 − 740) + (18654 − 7600)) or $82,783.45, which results in a total of $84,819.20.